UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **ZURICH AMERICAN INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, ACE AMERICAN INSURANCE COMPANY**, a/s/o/ Aimbridge Hospitality LLC,<br><br>      Plaintiffs,<br><br>      v.<br><br>**CENTIMARK CORPORATION**,<br><br>      Defendant. | Case No. 6:21-cv-00644-MC<br><br>ORDER |

MCSHANE, District Judge:

This matter comes before the Court on a Motion to Remand filed by Plaintiff ACE American Insurance Company ("ACE"). Pl's Mot. Remand, ECF No. 10. Because Defendant Centimark Corporation has failed to establish that removal was proper, Plaintiff's Motion to Remand (ECF No. 10) is GRANTED.

## LEGAL STANDARD

A defendant who is not a resident of the forum state may remove from state court to federal court any civil action that could have been originally filed in federal court. 28 U.S.C. § 1441(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89–90 (2005); *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013). Original jurisdiction exists when either complete diversity exists, or when

1 - ORDER

plaintiff's cause of action arises out of federal law or is otherwise permitted by federal law. 28 U.S.C. §§ 1331, 1332.

Complete diversity means each plaintiff is a citizen of a state different from each defendant and the amount in controversy exceeds the statutory minimum, currently $75,000. 28 U.S.C. § 1332. A corporation is a citizen of any state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The removal statute is strictly construed against removal jurisdiction, and the defendant bears the burden of establishing that removal is proper. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

## DISCUSSION

Plaintiffs' complaint, filed in the Deschutes County Circuit Court, asserts that Plaintiff Zurich American Insurance Company is a New York corporation with a principal place of business in Illinois, Plaintiff Liberty Mutual Fire Insurance Company is a Wisconsin corporation with a principal place of business in Massachusetts, Plaintiff ACE is a Pennsylvania corporation with a principal place of business in Pennsylvania, and Defendant Centimark is a Pennsylvania corporation with its principal place of business in Pennsylvania. Pl.'s Compl. ¶¶ 1–4, ECF No. 1. On the face of the complaint, this Court does not have jurisdiction because there is not complete diversity between Plaintiffs and Defendant. In removing the case to federal court, Defendant asserted "Ace American Insurance Company, who upon information and belief is now operating as Chubb Insurance Company, is a New Jersey company with its principal place of business in the same state." Notice Removal ¶ 4, ECF No. 1.

In 2015, ACE acquired The Chubb Corporation. Pl.'s Mot. Remand 5. Defendant argues that, with this acquisition, "Ace and Chubb Corporation merged into one company and adopted

2 - ORDER

the Chubb name," and that this merger changed the citizenship of ACE. Def.'s Resp. 2, ECF No. 16. Defendant cites a Ninth Circuit case that interprets Cal. Corp. Code § 1107(a) to find that "a company that has merged with another takes the citizenship of the company into which it merges." Def.'s Resp. 3 (citing Meadows v. Bicrodyne Corp., 785 F.2d 670, 671–72 (9th Cir. 1986)). Defendant points to marketing materials where ACE took on Chubb Corporation's name and argues that Chubb is the surviving corporation. Def.'s Resp. 2; Ho Decl. Exs. A–C, ECF No. 17.

This is unpersuasive. ACE is not a "disappearing corporation," but rather has operated continuously in Pennsylvania since 1945. Pl.'s Reply 2, ECF No. 18. ACE continues to operate as a distinct company and does business under that name. Pl.'s Motion Remand 5; Schweidel Decl. ¶2, ECF No. 11. Indeed, the insurance policy at issue here, which was purchased after the acquisition, was written by ACE, not by Chubb. Pl.'s Reply 3. ACE's citizenship continues to be Pennsylvania, the same as Defendant. As there is not complete diversity between Plaintiffs and Defendant, this Court does not have jurisdiction.

Plaintiff's Motion to Remand (ECF No. 10) is GRANTED. This matter is remanded to the Circuit Court of Oregon for the County of Deschutes. Any remaining motions are denied as moot.

IT IS SO ORDERED.

DATED this 1st day of July 2021.

    /s/ Michael J. McShane
Michael McShane
United States District Judge